Esther GROSS, Personal Representative of the Estate of Reuben Gross, deceased, and Thomas Gross, Plaintiffs and Appellants,

v.

STA–RITE INDUSTRIES, INC., a corporation, Defendant and Appellee.

Civ. No. 10373.

Supreme Court of North Dakota.

July 14, 1983.

Haugland & Heustis, Devils Lake, for plaintiffs and appellants; argued by Evan Heustis, Devils Lake.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for defendant and appellee; argued by James A. Reisnour, Jamestown.

SAND, Justice.

The Grosses appealed from a district court judgment dismissing their action which, on a previous appeal, was affirmed in part, but remanded to the district court for further proceedings. *Gross v. Sta-Rite Industries, Inc.,* 322 N.W.2d 679 (N.D.1982). The Grosses had instituted an action for breach of warranties and negligent installation of an automatic milking system. The trial court, after a bench trial in the first case, held that the Grosses had not established that Sta-Rite was liable for the outbreak of mastitis in their dairy herd.

This Court, on appeal, affirmed the trial court's finding that, although there were defects in the milking system, those defects were not the cause of the mastitis, but remanded the action for further proceedings on the issue of breach of contract. Specifically this Court recognized that there were defects in the milking system and remanded the case for further findings with respect to the defects in the milking system and the damages resulting therefrom, exclusive of the claim for mastitis.

On remand the trial court, after hearing arguments from the respective parties, concluded in its memorandum opinion which served as the court's findings of fact and order for judgment, that several problems existed in the Sta-Rite milking system including leaks in the vacuum, improper copper tubing, and an incorrectly operating retractor arm. The court found that:

"... the contract was substantially performed and the only damages that the Grosses would have been entitled to would be the difference between what they contracted for and what they received. In normal situations, this often amounts to the cost of repair. However, there was no testimony given on this matter by the plaintiff [Grosses] and it was their obligation to prove their damages. They continually maintained that the system had no value to them whatsoever. The evidence in this case does not substantiate that fact.

"Accordingly, the claim for damages as a result of defects in the milking system is hereby dismissed on the grounds of failure of proof by the plaintiff."

A judgment of dismissal was entered, and the Grosses appealed.

On appeal, the Grosses contended that the trial court erred in finding that Sta-Rite substantially performed the contract.

In *Cook v. Jacklitch & Sons, Inc.,* 315 N.W.2d 660, 662 (N.D.1982), we cited from *City of Granville v. Kovash, Incorporated,* 118 N.W.2d 354 (N.D.1962), the following definition of "substantial performance":

"4. In order that a building or construction contract shall be considered to be 'substantially performed,' it must appear not only that the contractor endeavored to perform the contract in good faith, but also that he has in fact done so, except as to unimportant omissions or deviations which are the result of mistake or inadvertence and which were not intentional."

█ Whether or not in a given situation a contract has been substantially performed is a question of fact, and a trial court's finding of substantial performance is subject to the clearly erroneous standard of North Dakota Rule of Civil Procedure 52(a). *Cook v. Jacklitch & Sons, Inc., supra; Dittmer v. Nokleberg,* 219 N.W.2d 201 (N.D.1974).

█ A finding of fact by the trial court will be held clearly erroneous when the reviewing court, considering the entire evidence, is left with a definite and firm conviction that a mistake has been made. *E.g., American Mutual Life Insurance Co. v. Jordan,* 315 N.W.2d 290 (N.D.1982). The mere fact that we may have reached a different result had we tried the case does not make a finding of fact clearly erroneous. *In re Estate of Elmer,* 210 N.W.2d 815 (N.D.1973).

█ After a careful review of the record, we are not left with a definite and firm conviction that a mistake has been made on the issue of substantial performance of the contract and we conclude that the trial court's finding of substantial performance is not clearly erroneous.

█ The last issue raised by the Grosses is that the trial court erred in not awarding them damages for their expenditures incurred in setting up the milking system.

In *Dobler v. Malloy,* 214 N.W.2d 510, 518 (N.D.1973), this Court recognized two appropriate measures of damages in a case in which a contractor has substantially performed by stating:

"If the contract is substantially performed, and the breach of contract can be remedied without taking down and reconstructing a substantial portion of the building, the amount of damages is the cost of making the work conform to the contract. Or, where the defects cannot be remedied without reconstruction of a substantial portion of the work, the measure of damage is the difference in value between what it would have been if built according to contract and what was actually built."

This legal concept and principle of law was followed in *Dittmer v. Nokleberg, supra. See also, Karlinski v. P.R. & H. Lumber & Construction Co.,* 68 N.D. 522, 281 N.W. 898 (1938). The foregoing alternative methods of determining damages have been recognized as the appropriate legal measure of damage by a majority of states. *See,* 13 Am.Jur.2d *Building and Performance Contracts,* § 79; and Annot. 76 A.L.R.2d 805 (1961), and Later Case Service.

The Grosses submitted evidence on the cost of the equipment and the building. The Grosses contended that neither the building nor the equipment has any value to them now and, therefore, they were entitled to the actual cost of such items. The reason given by the Grosses that the equipment and building are no longer used is because the milk herd developed mastitis after the new equipment was used. However, in the previous case this Court affirmed the trial court's finding that the mastitis was not caused by the milking system.

Except for the cost of the equipment and building, our attention has not been directed to any portion of the record containing direct evidence of damages under the theory of substantial performance, nor have we found any. Neither does the record reflect that the trial court denied the Grosses the opportunity, either at the original trial or on remand, to introduce evidence on the issue of damages which would be appropriate under the concept of substantial performance, nor was such a contention made in oral argument to this Court. We, therefore, must assume to the contrary.

The record contains no evidence, and none has been called to our attention, supporting damages under either one of the recognized measures of damages that legally could be applied under the substantial performance situation such as we have in the instant case. Neither does the record contain evidence that the defects complained of could not be remedied.

Consequently, we agree with the trial court that the Grosses did not establish their measure of damages for a breach of contract, and we affirm the judgment of the trial court.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.